IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| WENCESLAO CHACON AND MARIA CHACON, Plaintiffs | § § § § | |
| v. | § § | CIVIL ACTION NO. 6:16-CV-46 |
| SAFECO INSURANCE COMPANY OF INDIANA, NATIONAL CATASTROPHE ADJUSTERS, INC., TIM GERHARDT, AND TONIA SHARP, Defendants | § § § § § § § | |

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. §§ 1332 AND 1441(b) (DIVERSITY)

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Safeco Insurance Company of Indiana ("Safeco") and National Catastrophe Adjusters, Inc. ("NCA"), hereby petition this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 for removal, on the basis of diversity jurisdiction, to the United States District Court for the Northern District of Texas, San Angelo Division, of the action styled *Wenceslao Chacon and Maria Chacon v. Safeco Insurance Company of Indiana, National Catastrophe Adjusters, Inc., Tim Gerhardt and Tonia Sharp*; Cause No. D160229C; currently pending in the 391st Judicial District Court of Tom Green County, Texas (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

I.
FACTS

1.   Plaintiffs filed suit in the State Court Case on June 9, 2016, as the result of alleged delay or denial of benefits under their homeowners' insurance policy. Plaintiffs allege that Safeco breached its contract with Plaintiffs, violated provisions of the Texas Insurance Code and

Texas Deceptive Trade Practices Act, breached the common law duty of good faith and fair dealing in the adjustment and handling of Plaintiffs' claim by delaying and denying benefits, and allege fraud and conspiracy to commit fraud, following their loss on or about June 11, 2014. *See Plaintiffs' Original Petition* (the "Petition") at ¶¶ 24-72. Plaintiffs also seek statutory damages and exemplary damages under the Texas Insurance Code, mental anguish, court costs and attorneys' fees for Safeco's wrongful denial and statutory prompt payment penalties. Safeco denies that Plaintiffs are entitled to these benefits or damages.

2. Defendant Safeco was served with the Petition and citation on June 16, 2016. Safeco filed its Original Answer on July 8, 2016. Defendant NCA was served with the Petition and citation on June 16, 2016 and filed its answer on July 15, 2016. Defendant Tim Gerhardt has not been served with the Petition or citation. Defendant Tonia Sharp was served with the Petition and citation on or about July 21, 2016 and filed her answer on July 15, 2016. A true and correct copy of all pleadings, process, orders and correspondence served in this action is attached hereto as Exhibit "A" and incorporated herein by reference.

3. Pursuant to TEX. R. CIV. P. 47, Plaintiffs' Petition states that Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000. Petition at ¶ 7.

4. Complete diversity exists between the Plaintiffs and Defendant Safeco now as well as on the date of filing of the State Court Case. Plaintiffs are citizens and residents of the State of Texas. Petition at ¶ 2. Defendant Safeco is an insurance company incorporated in Illinois with its principal place of business in Massachusetts. Safeco is a citizen of Illinois and Massachusetts and not the State of Texas.

5. Complete diversity exists between the Plaintiffs and Defendant NCA now as well as on the date of filing of the State Court Case. Plaintiffs are citizens and residents of the State

of Texas. Petition at ¶ 2. Defendant NCA is a foreign for-profit corporation incorporated in Illinois with its principal place of business in Indiana. NCA is a citizen of Illinois and Indiana and not the State of Texas.

6. Defendants Tim Gerhardt ("Gerhardt") and Tonia Sharp ("Sharp") are Texas residents and were improperly joined to defeat diversity jurisdiction in this case. Gerhardt has not been served with Plaintiffs' Original Petition and citation. Sharp was served with Petition and citation on or about July 21, 2016 and filed her answer on July 15, 2016.

7. Plaintiffs made a jury demand in the State Court Case.

8. This is a civil action which may be removed to this Court by Defendants Safeco and NCA pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs; and Safeco and NCA are not citizens of the State of Texas.

## II.
## DEFENDANTS TIM GERHARDT AND TONIA SHARP ARE IMPROPERLY JOINED TO DEFEAT DIVERSITY

9. The test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant and there is no reasonable basis for predicting that the plaintiff might be able to recover against an in-state defendant. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004). A reasonable basis means more than a mere hypothetical basis. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). If there is no reasonable basis for recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was improper. *McDonald v. Abbot Labs*, 408 F.3d 177, 183 (5th Cir. 2005).

10.     Whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir 1999). The *Griggs'* court required that the petition state specific "<u>facts</u> warranting liability" in order to defeat removal. *Id.* (emphasis added). "General, undocumented and non-specific statements" in the plaintiff's petition are insufficient to state claims for violations of the Insurance Code, the DTPA, common law fraud and misrepresentation under Texas law. *Id.* at 702. "The Fifth Circuit has bluntly rejected the contention that merely a theoretical possibility of recovery will suffice to preclude removal . . . . [I]t has held that, when plaintiffs make general allegations and fail to support them with specific, underlying facts, they have not established a reasonable basis for the Court to predict that relief may be granted." *Staples v. Merck & Co., Inc.*, 270 F. Supp. 2d 833, 837 (N.D. Tex. 2003) (citing *Great Plains*, 313 F.3d at 329; *Badon v. R.J.R. Nabisco, Inc.*, 224 F.3d 382, 391-92 (5th Cir 2000)).

11.     In this case, Plaintiffs have not pled any factual allegations regarding Defendants Gerhardt and Sharp that could form the basis of an independent cause of action against them as opposed to the carrier. Plaintiffs have alleged only that the claim was assigned to Gerhardt and Sharp as individual adjusters and that Gerhardt and Sharp underscoped and underpaid Plaintiffs' claim. *See* Petition at ¶¶ 19-21. Plaintiffs do not identify any false, misleading or deceptive acts by Gerhardt or Sharp. Thus, Plaintiffs have filed suit against Gerhardt and Sharp for the same reason that Plaintiffs filed suit against Safeco and NCA: they are unhappy with the amount Safeco paid to settle their claim. This is not sufficient to establish a reasonable probability of recovery against Gerhardt or Sharp. *Vargas v. Great Lakes Reinsurance (UK) PLC*, No. 4:15-CV-112Y, 2015 WL 11120523 at *3-4 (N.D. Tex. May 19, 2015) (holding that adjuster that investigates claim cannot be held liable for violations of Texas Insurance Code and allegations

that adjuster "underscoped" or "underestimated" damage is outside the scope of § 541.060(a)(1)); *One Way Investments v. Century Surety Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (holding that representations that wind and hail damage was far less extensive than it actually was and that damaged was caused by factors that did not trigger coverage under the policy were not statements that are within the scope of § 541.606 because they do not relate to the "coverage at issue."); *Messersmith v. Nationwide Mut. Ins. Co.*, 10 F.Supp. 3d 721, 724 (N.D. Tex. 2014) ("for an adjuster to be held individually liable, [he] must have committed some act that is prohibited by [the Texas Insurance Code], not just be connected to an insurance company's denial of coverage.") Texas law does not contemplate that adjusters like Gerhardt and Sharp will be held individually liable for the insurance carrier's decision on a claim. *See Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Services, Inc.*, 09 S.W.2d 516 (Tex. App.–Fort Worth 1995, no writ) for proposition that adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims.) Defendants Tim Gerhardt and Tonia Sharp have been improperly joined for the sole purpose of defeating diversity.

### III.
### PROCEDURAL REQUIREMENTS

12. This action is a civil action which may be removed to this Court by Safeco and NCA pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs; and Safeco and NCA are not citizens of the State of Texas.

13. Pursuant to 28 U.S.C. §§ 1446(d) written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk of the 391st Judicial District Court of Tom Green County, Texas, promptly after the filing of this Notice.

15. Attached hereto and incorporated herein, are the following items:

> Exhibit A: A true and correct copy of all pleadings, process and orders served in this action
>
> Exhibit B: State Court Case Docket Sheet
>
> Exhibit C: List of all counsel of record
>
> Exhibit D: Index of all documents filed with the Court.

WHEREFORE, PREMISES CONSIDERED, Defendants Safeco Insurance Company of Indiana and National Catastrophe Adjusters, Inc. request that this action be removed from the 391st Judicial District Court of Tom Green County, Texas to the United States District Court for the Northern District of Texas, San Angelo Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 6000
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205

By: /s/ Laura D. Tubbs
   Catherine L. Hanna
   State Bar No. 08918280
   Email: channa@hannaplaut.com
   Laura D. Tubbs
   State Bar No. 24052792
   Email: ltubbs@hannaplaut.com

**ATTORNEYS FOR DEFENDANTS SAFECO INSURANCE COMPANY OF INDIANA, NATIONAL CATASTROPHE ADJUSTERS, INC. AND TONIA SHARP**

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2016, a true and correct copy of this document was filed via the Court's ECF system pursuant to LR5.1. The notice of electronic filing generated by the ECT system constitutes service of the document on counsel who are registered users of the system. Any other counsel of record will be served pursuant to FRCP 5(b) on this same date.

Gregory F. Cox
Mostyn Law
6280 Delaware Street
Beaumont, Texas 77706
*Attorneys for Plaintiffs*

/s/ Laura D. Tubbs
Laura D. Tubbs